UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 23-32-DLB

TERRANCE SMILEY                          PETITIONER

v.                  **MEMORANDUM OPINION AND ORDER**

WARDEN, FCI ASHLAND                      RESPONDENT

*** *** *** ***

Terrance Smiley is an inmate confined at the federal prison in Ashland, Kentucky. Smiley has filed a *pro se* petition for a writ of habeas corpus. (Doc. # 1). In his petition Smiley contends that he is being denied early release from custody under the First Step Act of 2018 ("FSA"). *See Id*. at 1-5. The Court screens the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

The Court has reviewed the petition but will dismiss it, without prejudice, for several reasons. First, Smiley did not pay the five dollar habeas filing fee, file a motion to proceed *in forma pauperis*, or submit a copy of a BP-199 Form indicating that he had asked prison officials to withdraw funds from his inmate account to pay the filing fee. Smiley has therefore failed to properly initiate a habeas proceeding in this Court. In addition, Smiley's petition consists of a six-page, handwritten submission. Smiley did not file his petition on a form approved for use by this Court, which is required by the Court's Local Rules.

In any event, Smiley acknowledges that he has not exhausted his administrative remedies with respect to his current claims. This is required by federal law. *Leslie v. United States*, 89 F. App'x 960, 961 (6th Cir. 2004)("[I]t is well established that federal

1

prisoners are required to exhaust their administrative remedies before filing a habeas corpus petition under § 2241."). Smiley argues that exhaustion of his claims challenging the BOP's eligibility determination under the FSA is not necessary because he is entitled to immediate release and the issues presented are pure questions of statutory interpretation. (Doc. # 1 at 2-3). But this Court and others have rejected both of these arguments in this context. First,

> Nor is exhaustion "futile" merely because the prisoner contends that, assuming his contentions are correct, he ought to be released before the exhaustion process can run its course. *Accord Preiser v. Rodriguez*, 411 U.S. 475, 494-95 (1973) (rejecting argument that § 2254's exhaustion requirement should be excused because passage of time while process is completed might render his claims irremediable); *see also Walsh v. Boncher*, No. 22-CV-11197-DLC, 2023 WL 363591, at *6 (D. Mass. Jan. 23, 2023); *Foss v. Quintana*, No. CIV. 5:14-258-DCR, 2014 WL 5157305, at *3 (E.D. Ky. Oct. 14, 2014) (collecting cases), *aff'd*, No. 14-6360 (6th Cir. May 5, 2015).
>
> Instead, utilization of administrative remedies is considered futile only if there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider." *James v. United States Dept. of Health and Human Sers.*, 824 F.2d 1132, 1139 (D.C. Cir. 1987). Thomas makes no such suggestion here. And requiring exhaustion will serve the core purposes of the exhaustion requirement: "to allow an administrative agency to perform functions within its special competence - to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies." *Parisi v. Davidson*, 405 U.S. 34, 37 (1972); *Detroit Newspaper Agency v. N.L.R.B.*, 286 F.3d 391, 396 (6th Cir. 2002).

*Thomas v. Paul*, No. 5:23-CV-51-GFVT (E.D. Ky. Feb. 22, 2023). Thus, the fact that a petitioner's release date rapidly approaches (assuming his arguments are wholly correct) is not, without more, a sufficient basis to disregard the exhaustion requirement.

Smiley also argues that exhaustion is not necessary to address a petition which hinges upon a matter of statutory construction. One Court has taken this position, *see*

2

*Goodman v. Ortiz*, Civ. No. 25-7582 (RMB), 2020 WL 5015613 (D.N.J. Aug. 25, 2020), but this Court has declined to follow it:

> Maggio argues that he need not exhaust his administrative remedies because his claim involves purely an issue of statutory construction. [Record No. 1-1 at 4-5] But he is incorrect, both factually and legally. Maggio's petition does not seek merely an abstract interpretation of the FSA: he also seeks the Court's application of the statute's provisions to his particular circumstances (prior to any determination by the BOP, the agency charged with its administration) as well as the grant of affirmative relief to him, including his release from incarceration to home confinement. [Record No. 1 at 6-7] Determinations under the FSA are fact-bound, including which of the activities Maggio has completed qualify for credit under Act. *Cf. O'Bryan v. Cox*, No. 4:20-CV-04183-LLP, 2021 WL 983241, at *2-3 (D.S.D. Jan. 12, 2021), *report and recommendation adopted*, No. CIV 20-4183, 2021 WL 977792 (D.S.D. Mar. 16, 2021). Claims involving statutory interpretation are not categorically excused from the exhaustion requirement.

*Maggio v. Joyner*, No. 7:21-CV-21-DCR (E.D. Ky. March 25, 2021). Because Smiley's petition does not address or document such matters, and he did not afford the BOP an opportunity to address his contentions in the first instance, the Court will dismiss the petition without prejudice.

Accordingly, the Court **ORDERS** as follows:

(1)   The Court **DENIES** Terrance Smiley's petition for a writ of habeas corpus (Doc. # 1) without prejudice.

(2)   This matter is **STRICKEN** from the docket.

This 27th day of March, 2023.



Signed By:
David L. Bunning
United States District Judge

L:\DATA\ORDERS\PSO Orders\0-23-32 Smiley Memorandum.docx